1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTONIO JIMENEZ,                    )        No. C 07-3904 JF (PR)
                                    )
            Petitioner,             )        ORDER TO SHOW CAUSE
                                    )
   vs.                              )
                                    )
                                    )
BEN CURRY,                          )
                                    )
            Respondent.             )
_____     )

18       Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the Board of Prison Terms

20   ("Board") to deny him parole.  The Court orders Respondent to show cause why the

21   petition should not be granted.

22                              **STATEMENT**

23       In 1987, a jury in Orange County Superior Court convicted Petitioner of second

24   degree murder (Cal. Penal Code § 187).  He was sentenced to a term of 17 years to life in

25   state prison.  Petitioner challenges the Board's denial of parole at his sixth parole

26   suitability hearing.

27   //

28   //

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims that the Board's decision to deny him parole violated his right to due process because it is not supported by any relevant or material evidence and relies on unchanging factors such as the commitment offense.  Liberally construed, Petitioner's claim is sufficient to require a response.  The Court orders Respondent to show cause why the instant petition should not be granted.

**CONCLUSION**

1.    The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.    Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of his receipt of the

1   answer.

2       3.      Respondent may file a motion to dismiss on procedural grounds in lieu of

3   an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

4   Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file

5   with the Court and serve on Respondent an opposition or statement of non-opposition

6   within **thirty days** of receipt of the motion, and Respondent shall file with the Court and

7   serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

8       4.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded

9   that all communications with the Court must be served on respondent by mailing a true

10  copy of the document to Respondent's counsel.  Petitioner must keep the Court and all

11  parties informed of any change of address by filing a separate paper captioned "Notice of

12  Change of Address."  He must comply with the Court's orders in a timely fashion.

13  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

14  to Federal Rule of Civil Procedure 41(b).

15      IT IS SO ORDERED.

16  DATED: 2/29/08

17                          JEREMY FOGEL
                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
G:\PRO-SE\SJ.Jf\HC.07\Jimenez904osc.wpd          3

1   A copy of this ruling was mailed to the following:

2   Antonio Jimenez
    D-58095
3   Correctional Training Facility
    P.O. Box 686
4   Soledad, CA 93960

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
G:\PRO-SE\SJ.Jf\HC.07\Jimenez904osc.wpd          4