EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
STACEY D. SCHESSER, State Bar No. 245735
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5774
  Fax: (415) 703-5843
  Email: Stacey.Schesser@doj.ca.gov

Attorneys for Respondent Warden Ben Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO JIMENEZ,<br><br>                Petitioner,<br><br>v.<br><br>BEN CURRY,<br><br>                Respondent. | C 07-3904 JF<br><br>**RESPONDENTS' NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Jeremy Fogel |

TO PETITIONER ANTONIO JIMENEZ, IN PRO SE:

PLEASE TAKE NOTICE that Respondent Ben Curry, Acting Warden at the Correctional Training Facility, moves this Court to dismiss the petition for writ of habeas corpus pursuant to Rule 2 of the Federal Rules Governing Habeas Cases, on the ground that Petitioner has failed to meet his burden of proof to show proper exhaustion of state court remedies. No hearing is requested. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

Petitioner Antonio Jimenez is a California state inmate at the Correctional Training Facility, proceeding pro se in this habeas corpus action. Petitioner alleges that the Board of Parole Hearings (Board) violated his due process rights when it denied parole without the support of "some evidence" that he constitutes a current, unreasonable threat to public safety. (*See generally* Pet.) Petitioner also claims that the Board violated his due process rights by relying on static factors, such as the commitment offense. (*Id.*)

However, Petitioner fails to meet his burden of showing that he exhausted his federal claims in state court. In addition, Petitioner fails to allege a violation under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA permits federal courts to grant relief if a state court's decision is contrary to clearly established federal law. Here, Petitioner does not frame his federal claims as challenges to the state courts' decisions, but rather invites the Court to re-weigh the suitability evidence reviewed by the Board without citation to any federal law that permits this type of review. Accordingly, Respondent respectfully requests that the Petition be dismissed.

On February 29, 2007, this Court issued an Order to Show Cause why the Petition should not be granted. Pursuant to the Rules Governing Section 2254 Cases, Respondent moves to dismiss the Petition.

### ARGUMENT

### I.

### THIS PETITION SHOULD BE DISMISSED BECAUSE PETITIONER FAILED TO MEET HIS BURDEN OF PROVING THAT HE EXHAUSTED HIS STATE JUDICIAL REMEDIES.

A petitioner has the burden of proving that he exhausted his state remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled on other grounds by Fay v. Noia*, 372 U.S. 391, 435 (1963) (overruling *Darr* "to the extent it may be thought to have barred a state prisoner from federal habeas relief if he had failed timely to seek certiorari from [the United States Supreme] Court from an adverse state

1  decision.").

2  Here, Petitioner failed to show that he has properly exhausted his state judicial remedies
3  because he does not provide any documentary evidence showing that he fairly presented his
4  federal claims to a lower state court. *Rose v. Lundy*, 455 U.S. 509 (1982); *Gray v. Netherland*,
5  518 U.S. 152 (1966). In fact, Petitioner does not state anywhere in his federal petition whether
6  he filed any habeas petitions in any state court and was denied relief on his federal claims. Thus,
7  because Petitioner neither alleges or proves that he exhausted his state court remedies, he fails to
8  meet this limited burden of proof prior to seeking federal habeas relief. *Kim v. Villalobos*, 799
9  F.2d 1317, 1320 (9th Cir. 1986) (merely attaching a state court petition satisfies the exhaustion
10 requirement). Accordingly, his Petition must be dismissed.

11                                    **II.**

12         **PETITIONER FAILS TO ALLEGE RELIEF UNDER AEDPA.**

13 In addition, Petitioner fails to allege any basis for this Court to grant relief under AEDPA on
14 either claim. Petitioner must show that the state court denials of his habeas petitions were
15 contrary to, or involved an unreasonable application of, clearly established United States
16 Supreme Court law, or that the denials were based on an unreasonable interpretation of facts in
17 light of the evidence presented. 28 U.S.C. § 2254(d). Here, Petitioner fails to frame his
18 argument in terms of the state court decisions, but rather invites this Court to consider the merits
19 of the Board's decision. However, the statute clearly states that a federal court may only grant
20 relief on a habeas petition if the state court's adjudication of the claim resulted in a decision that
21 was contrary to or involved an unreasonable application of clearly established federal law, as
22 determined by the Supreme Court of the United States. *Id.* Petitioner fails to allege or prove
23 how the state courts' decisions were contrary to or an unreasonable application of clearly
24 established Supreme Court law, and thus, provides no basis for which this Court may grant relief.
25 Accordingly, the Petition must be dismissed.

26 ///
27 ///
28 ///

## **CONCLUSION**

The petition should be dismissed because Jimenez did not meet his burden of proving that he exhausted his state court remedies before filing this petition. Jimenez also fails to show how this Court can grant relief under AEDPA by stating how the state courts' decisions were contrary to or unreasonable applications of clearly established federal law. As such, the Petition should be dismissed.

Dated: April 25, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

40244028.wpd
SF2008400841

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.

*Jimenez v. Curry*
C 07-3904 JF

4

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Jimenez v. Curry**

No.:   **C 07-3904 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 28, 2008</u>, I served the attached

## RESPONDENTS' NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Antonio Jimenez, D-58095**
**Correctional Training Facility**
**P.O. Box 686**
**Soledad, CA 93960-0686**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 28, 2008, at San Francisco, California.

|  L. Santos  |  _(signature)_  |
|---|---|
| Declarant | Signature |

40246748.wpd