1  Antonio Jimenez D-58095
   P.O. Box 689/FW-105-L
2  CTF Central Facility
   Soledad, CA.93960-0689
3
4  Petitioner in pro se
5
6              IN THE UNITED STATES DISTRICT COURT
7            FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                       SAN JOSE DIVISION
9
10 ANTONIO JIMENEZ,                    C 07-3904 JF
11      Petitioner,                    PETITIONER'S OPPOSITION
                                       TO DISMISS; MEMORANDUM OF
12      v.                             POINTS AND AUTHORITIES
13 BEN CURRY,
14      Respondent.                    Judge: The Honorable
                                              Jeremy Fogel
15 _____/
16
17 TO:  THE HONORABLE JEREMY FOGEL, JUDGE, UNITED STATES DISTRICT
18      COURT, NORTHERN DISTRICT OF CALIFORNIA.
19        COMES now Antonio Jimenez (hereafter Petitioner), with his
20 opposition to the respondent's motion to dismiss for failure to
21 exaust state remedies.  Based on the facts, grounds, argument,
22 and authorities set forth below, Petitioner respectfully opposes
23 respondent's motion to dismiss his habeas corpus petition.
24         MEMORANDUM OF POINTS AND AUTHORITIES
25                      INTRODUCTION
26        In 1987, Petitioner fatally shot a man in a bar and has
27 now been imprisoned 21 years being convicted of second degree
28 murder and sentenced to an indeterminate term of 17 years to life.

                              1.

1  The habeas petition before the Court challenges petitioner being

2  found unsuitable for parole for the fifth time based on "immuta-

3  ble" factors in spite of having an "exemplary" post-conviction

4  record. (Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).

5                              ARGUMENT

6

7      PETITIONER'S CLAIMS REGARDING THE BOARD'S DENIAL OF
       PAROLE PRESENTS A FEDERAL DUE PROCESS QUESTION FOR
8      REVIEW AND THE RESPONDENT'S MOTION TO DISMISS SHOULD
       THEREFORE BE DENIED.

9

10     In petitioner's federal writ of habeas corpus, he alleges

11 that his due process rights secured by the Fifth and Fourteenth

12 Amendments to the United States Constitution were violated when

13 the Board of Parole Hearings (hereafter Board), at his fifth su-

14 itability hearing, unsupported by the evidence and having the ma-

15 ximum legislatively mandated uniform matrix for punishment in

16 accord with the facts and circumstances of his commitment offense

17 and having an "exemplary" postconviction record (see Biggs v.

18 Terhune, 334 F.3d at 915-916; Mickens-Thomas v. Vaughn, 335 F.3d

19 294,307 (3rd Cir. 2004); Irons v. Warden of California State

20 Prison-Solano, 358 F.Supp.3d 936, 947-948 (E.D. Cal. 2005) [all

21 in accord: using immutable factors to deny parole violates state

22 parole statutes by arbitrarily converting a sentence with the

23 possibility of parole into de facto life sentence without the

24 possibility of parole]).

25

26     THE STATE COURT'S APPLICATION AND INTERPRETATION OF
       PENAL CODE § 3041 IS A SUBTERFUGE TO EVADE THE APP-
       LICATION OF THE ESTABLISHED FEDERAL DUE PROCESS
27     RIGHT TO PAROLE.

28     It is well established that the California Parole scheme

creats a cognizable liberty interest in parole. This issue had been solidly determined by the Ninth Circuit before the California Supreme Court handed down its decision in Rosenkrantz V, and had long been established when the Dannenberg decision was renderd. McQuillion I, 306 F.3d at 901-902. Any failure to abide by that scheme, or any decision contrary to that established interest, violates petitioner's federally protected due process right to parole.

The California Supreme Court in Rosenkrantz V held that "the nature of the prisoner's offense alone, **can** constitute a sufficient basis for denying parole." Rosenkrantz V, supra, 29 Cal. 4th at 682 (emphasis added). The Rosenkrantz V decision employed conditional language that the offense can constitute such a basis, if the crime could reasonably be considered **more** aggravated or violent than the minimum necessary to sustain a conviction for that offense. Id. 638, (emphasis added). Although the Rosenkrantz V language is itself unconstitutionally vague, the California Supreme Court, in that decision, did at least state a directive that sole reliance on the commitment offense will violate the prisoner's due process rights pursuant to Penal Code § 3041 (a) in situations where the offense "could [not] be considered **more** aggravated or violent than the minimum necessary to sustain a conviction for that offense."

**THE STATE COURT'S FACTUAL DETERMINATIONS REGARDING THE CRIME ARE CONTRARY TO CLEARLY ESTABLISHED SUPREME COURT LAW.**

Here, the Board, and the State court concurred, that petitioner's commitment offense was carried out in an especially cruel and callous manner which demonstrates an exceptionally callous

disregard for human suffering. (Cal. Code Regs., tit. 15 §2402, subd. (c)(1)(D).) This means that the offense inquestion must have been committed in a more aggravated or violent manner than that ordinarily shown in the commission of that offense. In re Scott (2004) 119 Cal. App. 4th 871,891.) (see petitioner's exhibit number 2).

In the case of In re Morrall, 102 Cal. App. 4th 280, at 298-299 (2002), the California Court of Appeals stated that in order to constitute "some evidence" the "information relied upon... must tend logically, and by reasonable inference, to establish a fact relevant to the inmate's suitability for parole." Likewise, in the case of In re Mark Smith, 109 Cal. App 4th 489 (2003), at 504-505, the appellate court was equally clear that "some evidence" must relate to a regulatory factor, and since the regulations do not address non-violent priors, the court ruled that their existence cannot support a finding of unsuitability. Cal. Penal Code §3041 is explicit that only the issue in a parole hearing is the inmate's **current** level of dangerousness, based on the nature and timing of the commitment offense and prior convictions. This means that the evidence must establish that the inmate currently presents an unreasonable risk of danger to society if released on parole. Cal. Code Regs. tit 15, §2402 (a). Furthermore, the evidence must establish unsuitablity under the criteria enumerated in the statute, Penal Code §3041, and under the Board's regulations in Cal. Code Regs., title 15, §2402 (c). As the California Supreme Court stated in Rosenkrantz V, supra, 29 Cal. 4th at 654,

"Accordingly, parole applicants in this have an expectation

that they will be granted parole unless the Board
finds, in the exercise of its discretion, that they
are unsuitable for parole in light of circumstances
specified by statute and by regulation." (Emphasis
added.)

## CONCLUSION

Based on the foregoing, it is clear that the petitioner has exhausted his state court remedies. Moreover, petitioner has clearly established grounds for relief under AEDPA. The decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §2254 (d); (Hayward, 512 F.3d at 545. Accordingly, it is respectfully requested that this Court deny the respondents' motion to dismiss.

Dated: 5-15-08

Respectfully submitted,

Antonio Jimenez
Petitioner in pro se

## DECLARATION OF SERVICE BY MAIL
### (28 U.S.C. section 1746)

I, __Antonio Jimenez__ , declare: That I am a resident
of the Correctional Training Facility in Soledad, California; I
am over the age of eighteen (18) years; I am / am not a party to
the attached action; My address is P.O. Box 689 __FW-105-L__ , CTF -
**Central Facility** Soledad, CA  93960-689   I served the attached
document entitled: **Petioner's Opposition To Dismiss;
Memorandum Of Points And Authorities**

on the persons/parties specified below by placing a true copy of
said document into a sealed envelope with the appropriate postage
affixed thereto and surrendering said envelope(s) to the staff of
the Correctional Training Facility entrusted with the logging and
mailing of inmate legal mail addressed as follows:

**OFFICE OF ATTORNEY GENERAL
455 GOLDEN GATE AVE, SUITE 11000
SAN FRANCISCO, CA.94102-7004**

There is First Class mail delivery service by the United
States Post Office between the place of mailing and the addresses
indicated above.  I declare under the penalty of perjury under the
laws of the United States that the foregoing is true and correct,
and I executed this service this _15th_ day of _May_ ,
_2008_ , at the Correctional Training Facility in Soledad, CA.

_____
Declarant

# EXHIBIT 1

SUPREME COURT
FILED

JUN 1 9 2007

Court of Appeal, Fourth Appellate District, Div. 3 - No. G038292
**S152157**

Frederick K. Ohlrich Clerk

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

In re ANTONIO JIMINEZ on Habeas Corpus

    The time for granting or denying review in the above-entitled matter is hereby extended to and including July 25, 2007, or the date upon which review is either granted or denied.

RECEIVED

JUN 2 6 2007

CLERK SUPREME COURT

**GEORGE**
*Chief Justice*

# EXHIBIT 2

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 2 4 2007

ALAN SLATER, Clerk of the Court

BY: _____ DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE

In re

**ANTONIO JIMENEZ,**

Petitioner,

ON HABEAS CORPUS.

CASE NO. **M-11171**

**ORDER**

TO THE PETITIONER AND THE OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, HAVING RECEIVED THE PETITION FOR WRIT OF HABEAS CORPUS, THE COURT FINDS AND ORDERS AS FOLLOWS:

In 1985, Petitioner was at a bar playing pool, a dispute erupted, Petitioner left the bar and returned 10 to 15 minutes later with a gun. He confronted two men in the restroom, pistol-whipped them, followed them out of the restroom, and began shooting. One man was killed and another wounded. Petitioner was convicted of second degree murder with use of a firearm in Case No. C-59164. Petitioner was sentenced to 15 years to life plus two years in 1987. Petitioner had a subsequent parole consideration hearing in July 2006. Parole was denied for two years.

The Board of Parole Hearings (hereafter individually and collectively referred to as "the BPH") found Petitioner would pose an unreasonable risk of danger to society or a threat to public safety at this time if he were released. In announcing its decision, the BPH stated the crime was

1

carried out in an especially cruel and callous manner and multiple victims were attacked. If the wounded man had not ducked, he might have been killed also. The offense was a dispassionate and "calculative" execution-style murder and demonstrated an exceptionally callous disregard for human suffering. The motive was very trivial. Petitioner was 46 years old at the time of the shootings and should have had "good sense" and "thought a little bit." The BPH acknowledged there were multiple positive factors such s Petitioner's vocational upgrading and his participation in self-help as well as his work history. Nevertheless, the BPH concluded it would not grant parole but would reconsider it in two years.

## II

Petitioner argues the BPH decision finding him unsuitable for parole is an abuse of discretion and violates due process because it is not supported by any relevant or material evidence. He states the commitment offense does not constitute "some evidence." He also argues the BPH "boilerplate reliance on static history factors violates fundamental due process." Petitioner contends the BPH statement of reasons for denial was inadequate, arbitrary, an abuse of discretion, unsupported, and a denial of due process. Finally, he states the offense was not particularly egregious.

## III

The petition is denied on the following grounds:

The California Supreme Court in *In re Dannenberg* (2005) 34 Cal.4th 1061 held that the BPH "may protect public safety" by "considering the dangerous implications" of the commitment offense. (*Id.* at p. 1071.) This applies to crimes such as Petitioner's. (Pen. Code, § 3041; *In re Dannenberg, supra*, at pp. 1082-1084.) Thus, while the BPH must point to factors "beyond the minimum elements of the crime . . . it need engage in no further comparative analysis before concluding that the particular facts of the offense make it unsafe, at that time, to fix a date for the prisoner's release." (*In re Dannenberg, supra*, at p. 1071.) In other words, if the BPH determines the gravity of the commitment offense "is such that consideration of the public safety requires a more lengthy period of incarceration," it may deny parole without proceeding to consider and analyze the other suitability factors such as prison behavior and parole plans. (Ibid.) Moreover, a BPH parole decision is subject to a limited judicial review,

2

and the applicable standard is whether "some evidence" supports it. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 626; *In re Powell* (1988) 45 Cal.3d 894, 902-904; *In re Van Houten* (2004) 116 Cal.App.4th 339, 347.) To obtain relief, Petitioner must therefore show the BPH acted without a factual basis or made a decision based on whim, caprice, or rumor. (*In re Powell, supra*, 45 Cal.3d at pp. 902-904.)

Petitioner fails to do so here. The BPH pointed to the following factors: Petitioner went and got a gun and committed the murder based on a dispute over a game of pool. Before he murdered the victim, he pistol-whipped two men. He then started shooting in the bar. If the man who was wounded had not ducked, he might have been killed also. Petitioner was 46 years old at the time of the shootings. He did not display maturity or "good sense" or a minimum of thought. The BPH therefore supported its conclusion, and it was not required to engage in a further analysis. (*In re Dannenberg, supra*, at p. 1071.) Moreover, based on the BPH statement of reasons, "some evidence" supports its decision. Petitioner therefore fails to show the BPH acted without a factual basis or made a decision based on whim, caprice, or rumor. (*In re Powell, supra,* 45 Cal.3d at pp. 902-904.) The petition is denied on that basis. (*Ibid.*)

IV

The petition for a writ of habeas corpus is DENIED.

DATED: _/ - 2 4 - 0 7_

JUDGE OF THE SUPERIOR COURT

Antonio Jimenez D-58095
P.O. Box 689/FW-105-L
CTF Central Facility
Soledad, CA 93960-0689



Legal mail

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA.94102

94102+3661 C004